# UNITED STATES DISTRICT COURT
## Southern District of Texas
## Houston Division

| | | |
|---|---|---|
| JEREMY HALEY | § | |
| | § | CASE NUMBER: |
| | § | |
| V. | § | |
| | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| ADMIN RECOVERY, LLC | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Preliminary Statement

1. Plaintiff JEREMY HALEY ("Plaintiff" or "Haley") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA, the TDCA and the DTPA.

2. Defendant, ADMIN RECOVERY, LLC ("Admin Recovery") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation to Western Sky Financial. The obligation ("Debt") required Plaintiff to pay money arising out of a transaction in which money, property, insurance, or services were the subject thereof, and the same were primarily for personal, family, or household purposes.

### JURISDICTION AND VENUE

3. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.,* against Defendant for engaging in unfair or deceptive acts or

practices in violation of the FDCPA, 15 U.S.C. § 1692 and out of the invasions of Plaintiff's personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337(a), and 1367.

5. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

## THE PARTIES

6. The FDCPA, 15 U.S.C. § 1692, which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Defendant, Admin Recovery, LLC is a collection agency, believed by Plaintiff to be based in New York, and is in the business of collecting consumer debts in the Southern District of Texas. The principal purpose of Admin Recovery's business is the collection of consumer debts using the mail and telephone. Admin Recovery regularly attempts to collect consumer debts for others. On information and belief, Admin Recovery may be in the business of acquiring consumer accounts that are already in default. Admin Recovery is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Admin Recovery is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

8. Plaintiff, Jeremy Haley, ("Plaintiff" and/or "Haley") is an individual who resides in Harris County, Texas and is a consumer as defined by the FDCPA.

## FACTUAL ALLEGATIONS

9. Plaintiff Haley is part owner of In Color Salons, LLC, which operates In Color Salons, a beauty salon located in Humble, Texas. Haley has three partners and approximately twelve employees.

10. On March 3rd, 2015, at around 2:50 p.m., an individual named Timothy Shire called In Color Salons in an attempt to get in touch with Plaintiff. Shire first spoke to Plaintiff's receptionist. Shire told the receptionist that he was calling about a "court matter" and that he needed to speak with Plaintiff. Plaintiff was not at the office at the time, so the receptionist, not knowing what else to do, connected Shire to one of Plaintiff's business partners, Connie Reineking.

11. Shire repeated to Reineking that he was calling about a "case" against a certain social security number (Plaintiff's social security number) concerning "File Number 430163" and that he needed to speak with Plaintiff immediately. Though asked by Reineking, Shire refused to disclose the name of his employer.

12. A few minutes later, at 2:57 p.m., Reineking called Plaintiff to discuss with him the disconcerting phone call she had had with Shire and to relay Shire's request that Plaintiff return his call right away. Plaintiff asked Reineking to text him Shire's phone number and the "file number" so that he could return Shire's call.

13. While waiting on Reineking to text him, Plaintiff checked the voicemail messages on his cell phone. Plaintiff discovered that that Shire had left a voicemail message for him the day before, March 2nd, 2015 at 10:36 a.m. Shire's voicemail message stated:

> "Good morning, this message is for Jeremy Haley.
>
> "Mr. Haley, my name is Timothy Shire. Calling you today concerning a complaint we have pending here in my office scheduled to be filed against your name and social security number. It is necessary that I do obtain from you this morning a statement for the record to determine whether or not I can prevent the matter from being filed against you.

> "Obviously it is of the utmost importance that you do return the call immediately today. Its 11:36am Eastern Standard Time on Monday March 2nd. You can reach me at 1-855-777-0152, again that's 855-777-0152. My direct office extension is 342."

14. A little while later, at 3:36 p.m., Plaintiff returned Shire's call. The call was answered by a voicemail greeting which advised that "this is an attempt to collect and debt and any information obtained will be used for that purpose." Plaintiff entered extension 342, and an individual who identified himself as Timothy Shire answered the phone.

15. When asked, Shire said he worked for "Admin Associates" and that their address is 45 Earhart Drive, Suite 102, Williamsville, NY 14221. On information and belief, there is no company by the name of "Admin Associates" at that address. There is, however, a collection agency by the name of "Admin Recovery LLC" at that address. Admin Recovery, LLC is registered with the Texas Secretary of State as a collection agency, is permitted to collect debts in Texas, and has a valid collection agency bond on file.

16. Shire stated that he was calling concerning a debt that Plaintiff purportedly owed to Western Sky Financial. Plaintiff did in fact take out a loan from Western Sky Financial in or around 2012 and did in fact default on payments on the loan. Shire implied that Admin Recovery had purchased the Western Sky account but offered no proof, other than his word, that Admin Recovery owned the account or was the proper party to collect on the account.

17. During the course of March 3rd, 2015 phone call, Shire made numerous misrepresentations and false threats.

18. Shire stated categorically several times that he was not employed by a collection agency. Shire, however, is employed by Admin Recovery, LLC which is registered with the Texas Secretary of State as a debt collector.

19. Shire stated that he was not attempting to collect a debt, notwithstanding what the voice mail greeting advises all callers. After making that claim, Shire demanded full payment of the debt, followed by a threat that Shire would "take the case across the hall" to the attorneys, or words to that effect, implying that a lawsuit was imminent.

20. Shire stated that his firm purchases defaulted accounts and then, if the amount owed is significant enough, files lawsuits to collect on the accounts. Plaintiff has no way to know whether or not Admin Recovery purchases defaulted accounts. Plaintiff likewise cannot categorically state that Admin Recovery never sues borrowers on the accounts they either own or are collecting on, as a third party collector. However, a search of online docket records reveals that Admin Recovery, LLC has never filed a single lawsuit in Harris County, Fort Bend County, El Paso County, Tarrant County, or Collin County, whether in Justice Court, County Court, or District Court.

21. Shire stated that he needed Plaintiff's "File Number" so that he could determine how to proceed with Plaintiff's "Case." The use of the word "Case" falsely implies that a lawsuit is pending. There is no lawsuit pending, and, absent a break with all precedent, no lawsuit will ever be filed.

22. Shire identified his employer as "Admin **Associates**" instead of "Admin **Recovery**." This misidentification, though seemingly small, is significant. Identifying his employer as "Admin **Associates**" instead of "Admin **Recovery**" could, and in fact did, deceive Plaintiff into believing that he was dealing with a law firm instead of a collection agency.

23. Shire made a demand for payment in full, even though he had earlier claimed that he was not attempting to collect a debt.

24. When Plaintiff declined to pay, Shire stated that he would take Plaintiff's account "across the hall to the lawyers" right then. That false threat, especially when combined with Shire's misidentification of his employer as "Admin Associates" and Shire's reference to Plaintiff's "case," deceived Plaintiff into believing that he was dealing with a law firm and that a lawsuit either already had been filed or was imminent.

25. Eventually, after Plaintiff had informed Shire that Plaintiff was not going to pay immediately, Shire hung up on Plaintiff.

26. After the phone call with Shire, Plaintiff did an internet search for "Admin Associates" in New York but was not able to find any company by that name. Plaintiff then searched the address provided and found a Better Business Bureau report for Admin Recovery, LLC at that same address. The Earhart Drive address in Williamsville, New York is in fact the address Admin Recovery, LLC lists with the Texas Secretary of State.

27. Shire's initial phone call to In Color Salons, wherein Shire spoke first to Plaintiff's receptionist and then to Plaintiff's business partner Connie Reineking, caused Plaintiff tremendous humiliation. The receptionist, not surprisingly, discussed the disconcerting phone call with other employees. As a result, Plaintiff's business partner and his employees came to believe that Plaintiff was in financial trouble and was facing legal matters concerning his inability to pay his debts.

28. Understandably, Plaintiff's business partners and employees became concerned about whether Plaintiff will be able to meet his financial obligations to them. Plaintiff's working relationships with both his partners and with his employees have been compromised. It is possible that employees will begin seeking other jobs over concerns that Plaintiff might be unable to pay them.

29. The foregoing acts and omissions of the Defendant were undertaken by the Defendant willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

30. The foregoing acts and omissions of the Defendant were undertaken by the Defendant indiscriminately and persistently, as part of Defendant's regular and routine collection efforts, and without regard to, or consideration of, the identity or rights of the Plaintiff.

31. As a proximate result of the foregoing acts and omissions of the Defendant, Plaintiff has suffered actual damages and injury, including but not limited to, stress, humiliation, embarrassment, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

32. All of Defendant's actions occurred within one year of the date of this Complaint.  Moreover, the actions made by Defendant in his collection attempts are to be interpreted under the "unsophisticated consumer" standard.  (See, <u>Bartlett v. Heibl</u>, 128 F3d. 497, 500 (7th Cir. 1997); <u>Chauncey v. JDR</u>, 118 F.3d 516, 519 (7th Cir. 1997); <u>Avila v. Rubin</u>, 84 F.3d 222, 226 (7th Cir. 1996); and <u>Gammon v. GC Services, LTD. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## Respondeat Superior Liability

33. The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits and within the sphere of their respective employments in their agency relationships with their principal, the Defendant.

34. The acts by Defendant and its agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

35. By committing these acts against Plaintiff, these agents of Defendant were motivated to benefit their principal, the Defendant.

36. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by his collection employees, including but not limited to violations of the FDCPA and Texas law, in their attempts to collect this debt from Plaintiffs.

## COUNT I
## Violations Of The FDCPA

37. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

   a. Calling Plaintiff's business and falsely stating there was a legal matter involving Plaintiff and failing to identify themselves when asked, which violates 15 U.S.C. § 1692 b(1), d, d(6), e, e(2), e(3), e(5), e(10), f, and f(6) amongst others.

   b. Leaving a voicemail message on Plaintiff's cell phone stating that there was a complaint pending and for failing to identify themselves, which violates 15 U.S.C. § 1692 d, d(6), e, e(2), e(5), e(10), f, and f(6) amongst others.

   c. Falsely stating that Defendant was not a debt collector, which violates 15 U.S.C. § 1692 d, d(6), e, e(2), e(5), e(10), f, and f6 amongst others.

   d. Failing to provide the true name of the debt collection agency that was attempting to collect the debt, which violates 15 U.S.C. § 1692 d, d(6), and e amongst others.

38. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render them liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## COUNT II
## Violations of the Texas Debt Collection Act

39. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

   a. Calling Plaintiff's business and falsely stating there was a legal matter involving Plaintiff and failing to identify themselves when asked, which violates Sec. 392.301(a)(3), (a)(6), (a)(8), 392.302(1), (2), and 392.304(a)(1), (a)(3), (a)(4) and (a)(8) amongst others amongst others.

   b. Leaving a voicemail message on Plaintiff's cell phone stating that there was a complaint pending and for failing to identify themselves, which violates Sec. 392.301(a)(3), (a)(6), (a)(8), 392.302(1), (2), and 392.304(a)(1), (a)(3), (a)(4) and (a)(8) amongst others amongst others.

   c. Falsely stating that Defendant was not a debt collector, which violates Sec. 392.301(a)(8), and 392.304(a)(1), (a)(3), (a)(4) and (a)(8) amongst others amongst others.

   d. Failing to provide the true name of the debt collection agency that was attempting to collect the debt, which violates Sec. 392.301(a)(8), and 392.304(a)(1), (a)(3), (a)(4) and (a)(8) amongst others.

40. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render them liable to Plaintiff for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

## COUNT III
## Violations of the Texas Deceptive Trades Practices Act

41. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the DTPA include, but are not limited to the following:

    a. Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and is actionable under that subchapter.

42. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render them liable to Plaintiff for injunctive relief and reasonable attorney's fees.

## COUNT IV
## Invasion of Privacy by Intrusion Upon Seclusion

43. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

44. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its finings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

45. Defendant and/or its agents intentionally and/or negligently and/or recklessly interfered, physically or otherwise, with the solitude, seclusion and or private

concerns of affairs of Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

46. Defendant and its agents intentionally and/or negligently and/or recklessly caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

47. The conduct of Defendant and its agents, in engaging in the above described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a person in that position. In applying the "least sophisticated consumer" standard, such conduct on the part of Defendant was, and is, reprehensible and compensable.

48. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages from Defendant in an amount to be determined at trial.

## COUNT V
### Exemplary Damages

49. In addition, exemplary damages should be awarded against Defendant because Defendant's conduct—the use of lies, false lawsuit claims and threats, and disclosing same to third parties—was reckless, malicious and intentional.

50. Plaintiff seeks recovery of all actual, statutory, and exemplary damages available to Plaintiff, in addition to attorney's fees and costs.

## PRAYER FOR RELIEF

Plaintiff, Jeremy Haley, prays that this Court:

1. Declare that Defendant's debt collections practices violated the FDCPA, TDCA and the DTPA;

2. Enjoin the Defendant's actions which violate the TDCA and the DTPA;

3. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, exemplary damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403;

4. Grant such further relief as deemed just.

Respectfully submitted,

Heston Ciment, PLLC

/s/ Daniel J. Ciment
———————————————
James B. Heston
Texas Bar No. 00787689
Daniel J. Ciment
Texas Bar No. 24042581
1800 S. Mason Rd.,
Suite 240
Katy, TX 77450
713-270-4833 – phone
713-583-9296 – fax
Daniel@HestonCiment.com
ATTORNEYS FOR PLAINTIFF